UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

FINANCIAL FREEDOM SENIOR FUNDING CORPORATION,

:   Case No.: 07 CV 3591

Plaintiff,

:

— against —

:

BELLETTIERI, FONTE & LAUDONIO, P.C., ANTHONY BELLETTIERI, ROBERT FONTE, and TARA LAUDONIO,

:   **COMPLAINT**
    **(WITH JURY DEMAND)**

:

Defendants.

:

———————————————————————



RECEIVED MAY 04 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Financial Freedom Senior Funding Corporation, by its attorneys, for its complaint, alleges as follows:

**Parties**

1.  Financial Freedom Senior Funding Corporation ("Financial Freedom") maintains a principal place of business at 1 Banting, Irvine, CA 92618, is organized and exists under the laws of the State of Delaware, and is a wholly-owned subsidiary of IndyMac Bank, F.S.B.

2.  Defendant Bellettieri, Fonte & Laudonio P.C. ("BF&L") is a law firm and professional corporation organized under the laws of New York, and upon information and belief, maintained or maintains principal places of business at 25 West Red Oak Lane, White Plains, NY 10604; 101-05 Lefferts Blvd, Suite 207, Richmond Hill, NY 11419; 33 Walt Whitman Road, Suite 301, Huntington Station, NY 11746; and 925 Westchester Avenue, Suite L2, White Plains, NY 10604.

3.  Defendant Anthony Bellettieri ("Bellettieri") is, upon information and belief, an

attorney licensed to practice law in the State of New York, a shareholder of BF&L, and a resident of Pleasantville, New York. Upon information and belief, Anthony Bellettieri stands to be disbarred because of his felony conviction in *United States of America v. Anthony Bellettieri*, 07 cr 00123 (CLB) (LMS) (SDNY 2007).

4. Defendant Robert Fonte ("Fonte") is, upon information and belief, an attorney licensed to practice law in the State of New York, is a shareholder of BF&L, and a resident of Bedford, New York.

5. Defendant Tara Laudonio ("Laudonio") is, upon information and belief, an attorney licensed to practice law in the State of New York, a shareholder of BF&L, and a resident of Eastchester, New York.

## Jurisdiction and Venue

6. This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because Financial Freedom and the defendants are citizens of different states, and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue in this court is proper under 28 U.S.C. § 1391(a).

## Facts

8. Financial Freedom's primary business is the funding of reverse mortgages.

9. In connection with the funding of certain reverse mortgages, BF&L, Bellettieri, and Fonte undertook to act, and acted as, Financial Freedom's settlement agents.

10. BF&L, Bellettieri, and Fonte, acting as Financial Freedom's settlement agents, had the legal obligation, at the time of the settlement of each mortgage, to disburse to Financial Freedom's borrowers and other payees, according to Financial Freedom's instructions, the specific funds that Financial Freedom had wired in trust to BF&L.

11. In October and November of 2006, upon information and belief, BF&L, and each of its individual shareholders, converted or allowed to be converted, approximately $320,000 of Financial Freedom's funds that had been wired into BF&L's mortgage disbursement account at JP Morgan Chase Bank (Acc. No. 904897001, ABA No. 021000021) for BF&L to disburse to Financial Freedom's borrowers and other designated payees at several mortgage closings. Those mortgage closings are described in more detail below.

12. By the time Financial Freedom had discovered the conversion of its funds, BF&L had closed its offices and ceased doing business.

13. Bellettieri has been criminally charged and has pled guilty to his role in an overall scheme to convert several mortgage lenders' money. *See United States of America v. Anthony Bellettieri*, 07 cr 00123 (CLB) (LMS) (SDNY 2007). The guilty plea entered in connection therewith is attached to this complaint as Exhibit 1.

The Anderson Mortgage (No. 3000059434)

14. Financial Freedom agreed to make a loan to Olive Anderson ("Anderson"), to be secured by a reverse mortgage on her real property located at 100 Locust Hill Avenue, Yonkers, NY 10701.

15. This mortgage was scheduled to close on or about October 16, 2006.

16. BF&L, Bellettieri, and Fonte acted as the settlement agents for this mortgage.

17. Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Anderson and other payees.

18. Fonte performed the closing of Anderson's mortgage, as evidenced by the HUD-1 Settlement Statement, which lists him as "settlement agent."

19. Fonte drew one check, among others, at the closing in the amount of $19,217.48, made payable to Anderson. This check was drawn against an account maintained by BF&L.

20. This check, upon presentment, was dishonored because of insufficient funds in BF&L's account.

21. Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this $19,217.48 for their own personal uses, and also directly benefited from this misappropriation in the form of inflated compensation and salary.

22. Financial Freedom reissued these funds to Anderson, in the amount of $19,217.48.

The Priest Mortgage (No. 3000062038)

23. Financial Freedom agreed to make a loan to Theresa Priest ("Priest"), to be secured by a reverse mortgage on her real property located at 223 Haas Road, Victory Mills, NY 12884.

24. This mortgage was scheduled to close on or about October 30, 2006.

25. BF&L, Bellettieri, and Fonte acted as the settlement agents for this mortgage.

26. Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Priest and other payees.

27. Fonte performed the closing of Priest's mortgage, as evidenced by the HUD-1 Settlement Statement, which lists him as "settlement agent."

28. Fonte drew two checks, among others, at the closing ($3,613.00 to Topaz Abstract and $9,786.93 to Priest). The check to Priest was in fact supposed to be drawn in the amount of $10,000, according to the HUD-1 executed by Fonte at closing. These checks were drawn

against an account maintained by BF&L.

29.   These checks, upon presentment, were dishonored because of insufficient funds in BF&L's account.

30.   Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this $13,613.00 for their own personal uses and also directly benefited from this misappropriation in the form of inflated compensation and salary.

31.   Financial Freedom reissued these funds to Topaz Abstract and Priest, in the total amount of $13,613.00.

The Harris Mortgage (No. 3000064446)

32.   Financial Freedom agreed to make a loan to Alphonso Harris ("Harris"), to be secured by a reverse mortgage on his real property located at 911 E. Main Street, Riverhead, NY 11901.

33.   This mortgage was scheduled to close on or about November 8, 2006.

34.   BF&L, Bellettieri, and Fonte acted as the settlement agents for this mortgage.

35.   Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Harris and other payees.

36.   Fonte performed the closing of Harris' mortgage, as evidenced by the HUD-1 Settlement Statement, which lists him as "settlement agent."

37.   Fonte drew three checks, among others, at the closing ($134,100.00 to the prior mortgagee, $3,805.65 to Topaz Abstract, and $54,509.43 to Harris). These checks were drawn against an account maintained by BF&L.

38.   These checks, upon presentment, were dishonored because of insufficient funds in

BF&L's account.

39. Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this money for their own personal uses and also directly benefited from this misappropriation in the form of inflated compensation and salary.

40. Financial Freedom reissued these funds to the prior mortgagee (in the amount of $137,446.57 because of the per-diem payoff amount increase), to Topaz Abstract in the amount of $2,301.00, and Harris in the amount of $54,509.43 in the total amount of $194,257.00.

The Rhodes Mortgage (No. 3000060727)

41. Financial Freedom agreed to make a loan to Lydia Rhodes ("Rhodes"), to be secured by a reverse mortgage on her real property located at 155 Pine Place, Staten Island, NY 10304.

42. This mortgage was scheduled to close on or about October 24, 2006.

43. BF&L, Bellettieri, and Fonte acted as the settlement agents for this mortgage.

44. Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Rhodes and other payees.

45. Fonte performed the closing of Rhodes' mortgage, as evidenced by the HUD-1 Settlement Statement, which lists him as "settlement agent."

46. Fonte drew one check, among others, at the closing in the amount of $54,643.78, made payable to Rhodes. This check was drawn against an account maintained by BF&L.

47. This check, upon presentment, was dishonored because of insufficient funds in BF&L's account.

48. Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted

this $54,643.78 for their own personal uses and also directly benefited from this misappropriation in the form of inflated compensation and salary.

49. Financial Freedom reissued these funds to Rhodes, in the amount of $54,643.78.

<u>The Slavinsky Mortgage (No. 3000057256)</u>

50. Financial Freedom agreed to make a loan to Alice Slavinsky ("Slavinsky"), to be secured by a reverse mortgage on her real property located at 97 Storm Drive, Holtsville, NY 11742.

51. This mortgage was scheduled to close on or about October 30, 2006.

52. BF&L, Bellettieri, and Fonte acted as the settlement agents for this mortgage.

53. Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Slavinsky and other payees.

54. Fonte performed the closing of Slavinsky's mortgage, as evidenced by the HUD-1 Settlement Statement, which lists him as "settlement agent."

55. Fonte drew one check, among others, at the closing in the amount of $1,954.00, made payable to Topaz Abstract. This check was drawn against an account maintained by BF&L.

56. This check, upon presentment, was dishonored because of insufficient funds in BF&L's account.

57. Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this $1,954.00 for their own personal uses and also benefited from this misappropriation in the form of inflated compensation and salary.

58. Financial Freedom reissued these funds to Topaz Abstract, in the amount of $1,954.00.

The Cannistraro Mortgage (No. 3000054909)

59. Financial Freedom agreed to make a loan to Mildred Cannistraro ("Cannistraro"), to be secured by a reverse mortgage on her real property located at 253 Roundhill Drive, Yonkers, NY 10710.

60. This mortgage was scheduled to close on or about October 13, 2006.

61. BF&L, Bellettieri, and Fonte acted as the settlement agents for this mortgage.

62. Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Cannistraro and other payees.

63. Fonte performed the closing of Cannistraro's mortgage, as evidenced by the HUD-1 Settlement Statement, which lists him as "settlement agent."

64. Fonte drew one check, among others, at the closing in the amount of $2,311.00, made payable to Topaz Abstract. This check was drawn against an account maintained by BF&L.

65. This check, upon presentment, was dishonored because of insufficient funds in BF&L's account.

66. Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this $2,311.00 for their own personal uses and also directly benefited from this misappropriation in the form of inflated compensation and salary.

67. Financial Freedom reissued these funds to Topaz Abstract, in the amount of $2,311.00.

The Carswell Mortgage (No. 3000047776)

68.     Financial Freedom table funded the Bertha Carswell ("Carswell") reverse mortgage through United Northern Mortgage Bankers, Ltd. ("United Northern"). This mortgage is secured by the real property located at 11809 202nd Street, St. Albans, NY 11412.

69.     This mortgage was scheduled to close on or about October 25, 2006.

70.     BF&L and, upon information and belief, Bellettieri and Fonte, acted as the settlement agents for this mortgage.

71.     Financial Freedom wired a sum of money to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Carswell and other payees.

72.     Upon information and belief, Fonte performed the closing of Carswell's mortgage.

73.     Fonte drew one check, among others, at the closing in the amount of $2,519.00, made out to Topaz Abstract. This check was drawn against an account maintained by BF&L.

74.     This check, upon presentment, was dishonored because of insufficient funds in BF&L's account.

75.     Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this $2,519.00 for their own personal uses and also directly benefited from this misappropriation in the form of inflated compensation and salary.

76.     Financial Freedom reissued these funds to Topaz Abstract, in the amount of $2,519.00.

The Mohammad Mortgage (No. 3000059326)

77. Financial Freedom table funded the Faiz Mohammad ("Mohammad") mortgage through United Northern. This mortgage is secured by the real property located at 76 Banana Street, Central Islip, NY 11722.

78. This mortgage was scheduled to close on or about November 3, 2006.

79. BF&L and, upon information and belief, Bellettieri and Fonte, acted as the settlement agents for this mortgage.

80. Financial Freedom wired $32,340.10 to BF&L's mortgage disbursement account (Acc. No. 904897001, ABA No. 021000021) and provided BF&L, Bellettieri, and Fonte with specific instructions for its disbursement to Mohammad and other payees.

81. Upon information and belief, Fonte performed the closing of Mohammad's mortgage.

82. Fonte drew one check, among others, at the closing in the amount of $21,644.84, made payable to the prior mortgagee. This check was drawn against an account maintained by BF&L.

83. This check, upon presentment, was dishonored because of insufficient funds in BF&L's account.

84. Upon information and belief, BF&L, Bellettieri, Fonte, and Laudonio secreted this $21,644.84 for their own personal uses and also directly benefited from this misappropriation in the form of inflated compensation and salary.

85. Financial Freedom has been unable to replace these funds; Financial Freedom therefore stands to lose its entire mortgage disbursement in the amount of $32,340.10.

## Count I
## Breach of Contract
## Against BF&L, Bellettieri, and Fonte

86. Financial Freedom incorporates paragraphs 1–85 as if fully set-forth herein.

87. BF&L, Bellettieri, and Fonte had an implied-in-fact contract with Financial Freedom whereby BF&L, Bellettieri, and Fonte would act as the settlement agents for Financial Freedom at and in connection with the above specified closings in exchange for a fee.

88. BF&L, Bellettieri, and Fonte, as part of their contract with Financial Freedom, agreed to hold in trust the funds that Financial Freedom would wire into the mortgage disbursement account, and to disburse those funds only in accordance with Financial Freedom's instructions.

89. By failing to disburse, and converting, certain amounts of funds wired to BF&L by Financial Freedom, BF&L, Bellettieri, and Fonte breached their contract with Financial Freedom.

90. By reason of this breach, Financial Freedom has been damaged in a sum to be proven upon the trial of this matter, but believed to be no less than $320,855.36.

## Count II
## Conversion
## Against BF&L, Bellettieri, Fonte, and Laudonio

91. Financial Freedom incorporates paragraphs 1–90 as if fully set-forth herein.

92. Financial Freedom entrusted funds to BF&L for the express and sole purpose of disbursing those funds in connection with the above described mortgages.

93. Rather than the funds being disbursed to the payees designated by Financial Freedom, BF&L, Bellettieri, Fonte, and Laudonio, upon information and belief, each exercised dominion and control over Financial Freedom's funds by using those funds for their own

11

purposes.

94. BF&L, Bellettieri, Fonte, and Laudonio had no legal, equitable, or other right to use the funds for anything other than disbursement in connection with the mortgages in accordance with Financial Freedom's instructions.

95. As a result of this conversion, Financial Freedom has been damaged in a sum to be proven upon the trial of this matter, but believed to be no less than $320,855.36.

### Count III
### Fraud
### Against BF&L, Bellettieri, and Fonte

96. Financial Freedom incorporates paragraphs 1–95 as if fully set-forth herein.

97. Upon information and belief, BF&L, Bellettieri, and Fonte agreed to conduct the above mortgage closings for Financial Freedom, while having no present intention to actually close the mortgages according to Financial Freedom's instructions.

98. Upon information and belief, BF&L, Bellettieri, and Fonte thereby knowingly and intentionally misrepresented to Financial Freedom that they would disburse funds as instructed.

99. BF&L, Bellettieri, and Fonte made these misrepresentations with the intent to induce Financial Freedom into wiring funds to BF&L so that they could convert those funds.

100. Financial Freedom, reasonably relying upon these material misrepresentations, wired funds to BF&L to be disbursed by Fonte at the mortgage closings.

101. Upon information and belief, BF&L, Bellettieri, and Fonte, as was their intention when they agreed to close the mortgages for BF&L, did not disburse the funds according to Financial Freedom's instructions, and thereby damaged Financial Freedom in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

## Count IV
## Attorney Malpractice/Breach of Fiduciary Duty
## Against BF&L, Bellettieri, and Fonte

102. Financial Freedom incorporates paragraphs 1–101 as if fully set-forth herein.

103. BF&L, Bellettieri, and Fonte, having undertaken to act, and having acted as, Financial Freedom's settlement agents in connection with the above described mortgages, owed a duty to Financial Freedom to perform their settlement functions with the degree of care, skill, and diligence commonly possessed and exercised by members of the legal community and their law firms.

104. BF&L, Bellettieri, and Fonte breached their duty of professional care to Financial Freedom by drawing settlement checks upon insufficient funds.

105. BF&L, Bellettieri, and Fonte breached their duty of professional care to Financial Freedom by converting the settlement funds that had been wired in trust into the mortgage disbursement account.

106. BF&L, Bellettieri, and Fonte breached their duty of professional care to Financial Freedom by not redrawing the above described dishonored checks upon good funds.

107. BF&L, Bellettieri, and Fonte breached their duty of professional care to Financial Freedom by failing to supervise those under their control who contributed to Financial Freedom's losses.

108. These breaches of the duty of professional care were the proximate cause of Financial Freedom's losses, in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

## Count V
## Negligence
## Against BF&L, Bellettieri, and Fonte

109. Financial Freedom incorporates paragraphs 1–108 as if fully set-forth herein.

110. BF&L, Bellettieri, and Fonte, each jointly and severally owed a duty to Financial Freedom to ensure that the funds entrusted to BF&L for disbursement at the mortgage closings described herein were in fact present in the accounts upon which checks were drawn.

111. BF&L, Bellettieri, and Fonte breached this duty by not ensuring that sufficient funds were available in BF&L's accounts to cover the checks drawn by Fonte at the closings described herein.

112. As a proximate cause of this breach of the duty of care, Financial Freedom has been damaged in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

## Count VI
## Unjust Enrichment
## Against BF&L, Bellettieri, Fonte, and Laudonio

113. Financial Freedom incorporates paragraphs 1–112 as if fully set-forth herein.

114. BF&L, Bellettieri, Fonte, and Laudonio, upon information and belief, all wrongfully benefited from Financial Freedom's wiring of mortgage disbursement funds to BF&L, by enjoying portions of those funds in the form of capital improvements, inflated compensation, and salary increases.

115. None of these defendants were the intended beneficiaries of Financial Freedom's mortgage disbursement funds.

116. In equity and good conscience, BF&L, Bellettieri, Fonte, and Laudonio must return Financial Freedom's funds that they have received in the form of capital improvements,

inflated compensation, and salary increases.

117. As a result of this unjust enrichment, Financial Freedom has been damaged in an amount to be proven upon the trial of this matter, but believed to be no less than $320,855.36.

### Count VII
### Money Had and Received
### Against BF&L, Bellettieri, Fonte, and Laudonio

118. Financial Freedom incorporates paragraphs 1–117 as if fully set-forth herein.

119. BF&L, Bellettieri, Fonte, and Laudonio received from Financial Freedom an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

120. That money should have been paid to Financial Freedom's designated beneficiaries.

121. Not having been paid to Financial Freedom's designated beneficiaries, that money still belongs to Financial Freedom and Financial freedom is legally and equitably entitled to its return.

122. It is against equity and good conscience to permit BF&L, Bellettieri, Fonte, and Laudonio to retain that money.

123. Financial Freedom has been damaged in an amount to be proven upon the trial of this matter, but believed to be no less than $320,855.36.

**WHEREFORE**, Financial Freedom respectfully demands judgment as follows:

1. On Count I of the complaint (Breach of Contract), joint and several damages against BF&L, Bellettieri, and Fonte in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

2. On Count II of the complaint (Conversion), joint and several damages against

BF&L, Bellettieri, Fonte, and Laudonio in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

3. On Count III of the complaint (Fraud), joint and several damages against BF&L, Bellettieri, and Fonte in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

4. On Count IV of the complaint (Attorney Malpractice/Breach of Fiduciary Duty), joint and several damages against BF&L, Bellettieri, and Fonte in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

5. On Count V of the complaint (Negligence), joint and several damages against BF&L, Bellettieri, and Fonte in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

6. On Count VI of the complaint (Unjust Enrichment), joint and several damages against BF&L, Bellettieri, Fonte, and Laudonio in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

7. On Count VII of the complaint (Money Had and Received), joint and several damages against BF&L, Bellettieri, Fonte, and Laudonio in an amount to be determined upon the trial of this matter, but believed to be no less than $320,855.36.

8. Any other relief that this Court deems just and proper, together with the costs, disbursements, and attorney's fees incurred in this action.

### Jury Demand

Plaintiff demands a trial by jury.

Dated: New York, New York
May 4, 2007

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000