UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FINANCIAL FREEDOM SENIOR FUNDING CORP.

                                   Plaintiff,                    **ANSWER**

- against -                                             07 CV 3591

BELLETTIERI, FONTE & LAUDONIO, P.C.;          Justice Assigned:
ANTHONY BELLETTIERI, ROBERT V. FONTE and
TARA A. LAUDONIO

                                 Defendants
------------------------------------------------------------------------X

       Defendants Robert V. Fonte and Tara A. Laudonio; submit herein by their attorney Neal S. Comer an Answer in the Complaint herein as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 1, 6, 8, 12, 14, 15, 17, 20, 22, 23, 24, 26, 29, 31, 32, 33, 35, 38, 40, 41, 42, 44, 47, 49, 50, 51, 53, 56, 58, 59, 60, 62, 65, 67, 68, 69, 71, 74, 76, 77, 78, 80, 83, 85 92 and 112.

       2.     Deny the allegations set forth in Paragraphs 3, except admit that at the times relevant to the matters referred to in the Complaint Defendant, Anthony Bellettieri was an attorney licensed to practice law in the State of New York and upon information and belief was a shareholder in Bellettieri Fonte and Laudonio, PC (B F & L) and a resident of Pleasantville, New York; upon information and belief, Bellettieri has as of the date of this answer been disbarred .

       3.     Deny the allegations set forth in Paragraph 4, except admit that Robert Fonte (Fonte) is an attorney licensed to practice law in the State of New York and a resident of Bedford, New York; Defendants admit that Fonte was, at the times relevant to the matters alleged in the complaint a shareholder of B F & L.

4. Deny the allegations contained in Paragraph 5 of the Complaint, except admit that Defendant Tara Laudonio is an attorney licensed to practice law in the State of New York and a resident of Eastchester, NY; Defendants deny knowledge or information sufficient to form a belief as to the allegation that Laudonio was a shareholder in B F & L.

5. Deny the allegations contained in Paragraphs 25, 34, 43, 52, 61, 70, 79 and 119 of the Complaint, except admit that B F & L agreed to act as attorney for the lender at the various transactions alleged in those paragraphs.

6. Deny the allegations contained in Paragraphs 10, 13, 87, 88, 89, 90, 94, 95, 103, 110, 116, 117, 120, 121, 122, and 123 except respectfully refer questions and issues of law to the court for their proper determination.

7. Deny the allegations contained in Paragraphs 11, 16, 21, 30, 39, 48, 57, 66, 75, 84, 93, 97, 98, 99, 100, 101, 104, 105, 106, 107, 108, 111, 114, and 115 except deny knowledge or information sufficient to form a belief as to the conduct or state of mind of any other party to this action.

8. Deny the allegations contained in Paragraphs 18, 27, 36, 45, 54, 63, 72, and 81 except admit that Fonte, acting on behalf of B F & L attended the various closings alleged therein as attorney for the lender in each said transaction.

9. Deny the allegations contained in Paragraphs 19, 28, 37, 46, 55, 64, 73, 82, and 116 of the complaint except admit that Fonte, acting on behalf of B F & L, drew checks alleged therein on B F & L accounts with the understanding and belief that sufficient funds were contained in said accounts so that said checks would be honored.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred by the doctrine of avoidable consequences.

### Second Affirmative Defense

The damages of which the plaintiff complains are the result of the action or inaction of third parties over which defendants had no supervision or control, nor over whom or which defendant had a duty of supervision or control.

### Third Affirmative Defense

The damages of which plaintiff complains are the result of its own actions or inactions and are barred and/or limited by the plaintiff's comparative and/or contributory negligence.

### Fourth Affirmative Defense

The damages alleged in the Complaint were the result of intervening and superseding acts of negligence on the part of persons or entities over whom defendants had neither control nor right of control and for whose actions defendant is not liable.

### Fifth Affirmative Defense

Defendants were not the proximate or actual cause of the damages claimed by the plaintiff.

### Sixth Affirmative Defense

Defendants breached no duty to plaintiff.

### Seventh Affirmative Defense

Defendants complied fully with all applicable standards of care with respect to the matter alleged in the Complaint.

### Eighth Affirmative Defense

Defendants incorporate by reference any applicable defense asserted by any other defendant.

WHEREFORE, Defendants demand judgment dismissing the Complaint herein with prejudice and awarding Defendants reasonable attorneys fees, costs of suit and such other and further relief as the Court may deem just and proper.

Dated: White Plains, NY
August 15, 2007

NEAL S. COMER. (NC 7735)
*Attorney for Defendants Robert V. Fonte and Tara A. Laudonio*
445 Hamilton Avenue, Suite 604
White Plains, NY 10601
(914) 683-5400